**IN THE COURT OF APPEALS OF IOWA**

No. 17-0044
Filed July 19, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ADAM D. DODSON,**
        Defendant-Appellant.
_____


Appeal from the Iowa District Court for Scott County, Mark R. Fowler,

District Associate Judge.


A defendant appeals his conviction.  **AFFIRMED.**


Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney

General, for appellee.


Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, Presiding Judge.**

Adam Dodson appeals his conviction following his guilty plea to domestic abuse assault, in violation of Iowa Code section 708.2A(2)(c)[1] (2016). Dodson claims his counsel was ineffective in failing to file a motion in arrest of judgment challenging Dodson's guilty plea.

## I. Background Facts and Proceedings

On December 13, 2016, the State charged Dodson with domestic abuse assault. Dodson agreed to plead guilty, and the State agreed to make a sentencing recommendation that Dodson be sentenced to 240 days in jail, with all but seven days suspended. The written plea agreement also contained a provision that read: "Upon a conviction of domestic assault in violation of Iowa Code section 708.2A, I shall not possess, ship, transport, or receive a firearm, offensive weapon, or ammunition." There was an "X" next to this provision; several other provisions also contained an "X" next to them. Dodson signed the plea agreement.

The district court accepted Dodson's guilty plea and sentenced him consistently with the State's recommendation. Additionally, the court issued a no-contact order that disallowed Dodson from possessing firearms.

Dodson appeals.

---

[1] Iowa Code section 708.2A(2)(c) provides: "On a first offense of domestic abuse assault, the person commits: . . . (c) An aggravated misdemeanor, if the domestic abuse assault is committed with the intent to inflict a serious injury upon another, or if the person uses or displays a dangerous weapon in connection with the assault."

## II. Scope and Standard of Review

We review ineffective-assistance-of-counsel claims de novo. *State v. Clay*, 824 N.W.2d 488, 494–95 (Iowa 2012).

## III. Ineffective Assistance of Counsel

Dodson asserts his counsel was ineffective in failing to file a motion in arrest of judgment following his guilty plea. Dodson argues he was unaware his guilty plea would result in a prohibition on the possession of firearms and claims the record does not reflect who made the "X" mark next to that provision of the written plea agreement.

"In order to succeed on a claim of ineffective assistance of counsel, a defendant must prove: (1) counsel failed to perform an essential duty; and (2) prejudice resulted." *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). "Both elements must be proven by a preponderance of the evidence. However, both elements do not always need to be addressed. If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001) (citations omitted). It is permissible for defendants to raise claims of ineffective assistance of counsel on direct appeal. *State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006). However, when a claim of ineffective assistance of counsel is raised on direct appeal, we will only decide the claim when the record is adequate to do so. *Id.*

Upon our review of the record, we conclude it is adequate to reject Dodson's claim of ineffective assistance of counsel. The record reflects Dodson signed a written plea agreement that fully disclosed the relevant terms, including

the firearms provision of which Dodson now claims he was unaware. As the record demonstrates Dodson was fully advised, in writing, of the terms of his plea agreement, he cannot show his counsel failed to fully advise him of the consequences of his plea. Accordingly, we deny Dodson's ineffective-assistance-of-counsel claim. *See Ledezma*, 626 N.W.2d at 142 (citations omitted).

## IV. Conclusion

Because we conclude Dodson did not show his counsel failed to perform an essential duty, we deny his claim of ineffective assistance of counsel and affirm his conviction.

**AFFIRMED.**